## MATTER OF NASSIRI

### In Section 212(e) Proceedings

### A-13939138

*Decided by Deputy Associate Commissioner May 29, 1968*

As a general rule, where both the spouse and child(ren) of an exchange visitor alien are United States citizens or lawful permanent residents, exceptional hardship within the meaning of section 212(e) of the Immigration and Nationality Act, as amended, exists as a result of the difficulty experienced by a family with children in parting from their relatives, friends and familiar surroundings and attempting to adjust to life in a foreign country where they are not familiar with the language, mores or culture; additionally, an alien who goes abroad without his family seldom commands sufficient salary to support his family in the United States, and care for the family generally precludes acceptance of employment by the wife.

**Discussion:** The decision of the District Director on February 20, 1968, denying the subject's application for a waiver of the two-year foreign residence requirement of section 212(e) of the Immigration and Nationality Act, as amended, on the ground that exceptional hardship had not been established, has been certified to me for review, pursuant to 8 CFR 103.4.

The applicant, Saeed Khajeh-Nassiri, a thirty-six year old physician, is a native and citizen of Iran. He was admitted to the United States on June 26, 1959 as an exchange visitor, to participate in a program sponsored by the Institute for International Education, on a Fulbright travel grant. He completed a one-year internship at Lutheran Hospital in Brooklyn, New York, and a four-year residency under a private program at Rhode Island Hospital, Providence, Rhode Island. On July 11, 1964, he departed to Canada.

Satisfactory evidence of Dr. Nassiri's marriage to a United States citizen on November 3, 1964 has been submitted. They are residing in Kingston, Ontario, Canada with their two United States citizen children. The Department of State has determined that his residence in Canada did not serve the purpose and intent of the Mutual Educational and Cultural Exchange Act of 1961.

Applicant is now employed in Canada as a research pathologist at a salary of $7,200 a year. He does not have sufficient funds to transport

the family to Iran and to maintain the family until he can obtain employment. Mrs. Nassiri has been away from other members of her family for three and one-half years and desires to be near them. She does not wish to go to Iran, even if such were possible, as she does not know the language or the customs of that country. Dr. Nassiri maintains that his family would not accept his wife since she is a Catholic and they are of Moslem faith and do not believe in interreligious marriage.

Section 212(e) provides, in part, as follows:

. . . upon the favorable recommendation of the Secretary of State, pursuant to the request of an interested United States Government agency, or of the Commissioner of Immigration and Naturalization after he has determined that departure from the United States would impose exceptional hardship upon the alien's spouse or child (if such spouse or child is a citizen of the United States or a lawfully resident alien), the Attorney General may waive the requirement of such two-year foreign residence abroad in the case of any alien whose admission to the United States is found by the Attorney General to be in the public interest . . .

It is to be noted that a waiver may be granted if the spouse *or* child is a citizen of the United States or is a lawfully resident alien.

In cases where both spouse and child (children) are United States citizens or lawfully resident aliens, exceptional hardship will generally exist due to the difficulty experienced by a family with children in parting from their relatives, friends and familiar surroundings, and attempting to readjust to life in a foreign country where they are not familiar with the language, mores or culture. Further, an alien who goes abroad without his family seldom commands a high enough salary to support the family in the United States and the wife, as in this case, generally is in a situation in which she cannot accept employment because she has to care for the family.

In view of the foregoing, it has been determined that compliance with the foreign residence requirement of section 212(e) would impose exceptional hardship upon Dr. Nassiri's United States citizen spouse and child. The Secretary of State has recommended that the foreign residence requirement be waived. It is found that the admission of the applicant would be in the public interest.

ORDER: It is ordered that the application of Dr. Saeed Khajeh-Nassiri for a waiver of the two-year foreign residence requirement of section 212(e) of the Immigration and Nationality Act, as amended, be granted.

757